**PORTER, Price Administrator, v. DENHOLM PACKING CO.**
Civil Action No. 5639.

District Court, W. D. Pennsylvania.
Oct. 17, 1946.

Loran L. Lewis, Dist. Enforcement Atty., Samuel M. Chertoff, Chief Food Enforcement Atty., and Raymond G. Flannery, all of Pittsburgh, Pa., for plaintiff.

Evans, Evans & Spinelli and John E. Evans, Sr., all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The Denholm Packing Company has moved the court to strike off the order of court, the findings of fact and conclusions of law, and for leave to withdraw a stipulation on the part of defendant, filed in above entitled case.

After a rule to show cause issued and answer by plaintiff, the following facts appeared:

On April 17, 1946, plaintiff filed a complaint wherein it charged defendant with a violation of Maximum Price Regulation No. 574, which provides that slaughterers shall not pay for live cattle more than the amount fixed by the regulation, and which prescribed a formula by which the purchase price was to be determined after the animal had been killed and dressed. By this formula the price of the animal was to be de-

termined by the amount of the result after it had been dressed. While ordinarily the regulation was reasonably fair, loss of weight of the animal, in shipment or otherwise, made it impossible to determine with absolute certainty whether the maximum purchase price had or had not been exceeded.

One week after the complaint was filed the counsel for the plaintiff and the defendant filed a stipulation by which the findings of fact, conclusions of law and the order of the court were recited. By findings of fact it was agreed that the defendant had purchased 1109 head of cattle at a cost of $169,116.47, whereas the cost permissible under the Maximum Price Regulation was $165,077.79.

It was also stipulated that defendant had not paid over the over-riding selling price (price of the live animal) at any time.

By the conclusions of law it was stipulated:

"3. The defendant has violated one of the provisions of Maximum Price Regulation No. 574."

"4. The violations of the said regulations by the defendant were not wilful and purchases made by the defendant were in good faith, with no intent of violating said regulation."

"5. The actions of the defendant were the result of failure to take practicable precautions in that upon the slaughtering of said cattle they failed to grade out as the defendant in good faith believed they would do."

The following order was made by the court:

"And now, to wit, this 17th day of April, 1946, the injunctive relief prayed for by the Government is presently denied, provided, however, that said proceedings shall remain on the docket in the Office of the Clerk of Courts with the right given to the Administration of the Office of Price Administration upon reasonable notice being given to the defendant that violations of the Act have been resumed, to again apply to the Court for injunctive relief, at which time additional and appropriate consideration will be given the facts that will then be presented.

"The defendant is directed to pay the costs which have accrued to date in connection with each of said proceedings."

While a violation of the Regulation No. 574 is recited in the stipulation (which was prepared upon the stationery of the plaintiff) the findings of fact state nothing more than that defendant bought cattle at a lawful price and when killed such cattle failed to produce the amount of meat prescribed by the Regulation. In other words no violation of law is found as a fact, but just a misfortune on the part of the defendant.

But the failure of defendant to obtain the Regulation amount of meat was not its only misfortune. Prior to the preparation of the stipulation counsel for the Administration, doubtless unaware of the card which the Office of Economic Stabilization had concealed in its sleeve, had assured the defendant and its counsel that the Administration did not desire an injunction in the case but only desired a reservation of the judgment in the order for use in case of any future violation of the order (see order). Thus assured, and the order for judgment denying the only relief prayed in the complaint, the defendant was induced to enter into the stipulation which admitted a violation of the Regulation No. 574, but which did not actually appear from the facts stipulated. But after the qualified admission the Office of Economic Stabilization disclosed its concealed card.

The defendant had been in receipt of a subsidy, and for a portion of the period covered by the complaint, had received the sum of $43,085.55, said subsidy having been reduced by the amount which the cattle slaughtered failed to reach the amount of meat demanded by the Regulation. This payment was made after the defendant had filed its report in which it set forth the failure of its purchased cattle to produce the meat required. After the stipulation filed, in which defendant had been induced to admit a violation of the Regulation, the Office of Economic Stabilization demanded the return of the subsidy paid, $43,085.55, and refused payment of another subsidy due for the months of April and May, 1946.

This action was taken pursuant to the O. E.S. Directive No. 41, effective April 24, 1945, which provided that upon a determin-

ation of a court or Hearing Commissioner that an applicant for subsidy had violated any substantive provision of the O.P.A. Meat or Live Stock Regulation, that the O.P.A. shall certify the determination to the R.F.C., which will then withhold payment on all subsidy claims.

After this action of the O.E.S., the defendant filed its petition to set aside the findings of fact, conclusions of law and the order thereon, a rule to show cause was issued and an answer thereto filed, and testimony was heard and the findings of fact hereinbefore mentioned were developed.

The only question in the mind of the court is whether or not the grant of the prayer of the defendant is necessary. If the findings of fact of the stipulation be considered, there was no violation of the Regulation as set forth in the complaint, despite the conclusion of law to the contrary. The only violation charged in the complaint is that defendant bought live cattle for an amount in excess of the maximum price fixed by the Regulation, and the only prayer is for an injunction restraining the defendant from buying cattle for more than the maximum amount. And the order for judgment denies the relief prayed, and thus no actual judgment against defendant, but only a retention of jurisdiction. There could not have been any proper judgment against defendant because of the 8th paragraph of the findings of fact: "The defendant did not pay over the over-riding price at any time."

While, as stated, the court doubts the necessity of vacating the stipulation, in the interests of certainty it will grant the defendant's prayer. It is plain that defendant was induced by counsel for the Administrator to enter into the stipulation by counsel's representation that the Government desired nothing but the retention of jurisdiction. Despite the rather slippery nature of the stipulation, the court does not say that the defendant was tricked into it, because we absolve plaintiff's counsel of any conception of the ultimate use of it by the Office of Economic Stabilization. Both he and counsel for defendant thought they were avoiding the necessity of a trial by the use of common sense. Nevertheless the Administrator should be bound by his counsel in court and his representations, and particularly where his statements induced an inadvertent admission of guilt when the fact recited did not indicate it. In any event, an administrative body of the United States should not attempt to impose heavy punishment even for an unintentional violation of a regulation, and much less so for an admission of violation so induced by its counsel when the admission was contradicted by the facts found.

The petition of Denholm Packing Company, defendant, to strike off the order of court dated the 17th day of April, 1946, and the findings of fact and conclusions of law and for leave to withdraw the stipulation filed therewith having come on to be heard, upon consideration thereof it is ordered that the order of the 17th day of April, 1946, in above entitled proceeding, and the findings of fact and conclusions of law filed with said order, be and the same are hereby vacated and set aside.

And it is further ordered that the stipulation filed with said order, and pursuant to which said order was made, be quashed and set aside as though withdrawn by defendant.